UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMANTE BURRELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| STEVEN KENNEWAY, DEAN GRAY, | *   Civil Action No. 20-cv-11776-ADB |
| RICHARD L. MORALES, and TYLER P. | * |
| DESTEFANO, | * |
| | * |
| Defendants. | * |
| | * |
| | * |

MEMORANDUM AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS

BURROUGHS, D.J.

Damante Burrell ("Plaintiff") brings this case pursuant to 42 U.S.C. § 1983 alleging that

Steven Kenneway ("Kenneway"), Dean Gray ("Gray"), Richard L. Morales ("Morales"), and

Tyler P. DeStefano ("DeStefano," together with Kenneway, Gray, and Morales, "Defendants")

failed to protect him while he was incarcerated in violation of his rights under the Eighth

Amendment and Article 26 of the Massachusetts Declaration of Rights.  [ECF No. 1

("Compl.")].  Currently before the Court is Defendants' motion to dismiss for failure to state a

claim pursuant to Federal Rule of Civil Procedure 12(b)(6), [ECF No. 18], and Plaintiff's

opposition, [ECF No. 35].  For the reasons set forth below, Defendants' motion is DENIED.

I.      BACKGROUND

The following facts are drawn from the complaint, the allegations of which are taken as

true for purposes of evaluating the motions to dismiss.  See Ruivo v. Wells Fargo Bank, 766 F.3d

87, 90 (1st Cir. 2014).

Plaintiff is currently incarcerated and, at all relevant times, was housed at Souza Baranowski Correctional Center ("SBCC").  [ECF No. 19 at 1].  On March 31, 2020, Plaintiff returned to L-2 Block, Cell #3 after completing a mental health suicide watch.  [Compl. ¶ 6]. Upon Plaintiff's arrival to his assigned cell, he became aware that Tyreice Harper ("Harper") had been moved into the cell as his new cellmate.  [Id.].  Plaintiff alleges that Harper is his "known enemy" and that they had a physical altercation in 2019.  [Id.].  In the early afternoon of April 1, 2020, Plaintiff told DeStefano, the SBCC prison guard assigned to Plaintiff's block on the day at issue, that Plaintiff and Harper were "enemies" and that Plaintiff did not feel comfortable living with Harper.  [Id. ¶¶ 5, 8].  DeStefano responded, "[y]'all can kill each other for all I care."  [Id.]. Around the same time, Plaintiff also raised the issue to Morales, the SBCC Sergeant overseeing Plaintiff's prison block, who replied, "I know what your issue is but I am going home."  [Id. ¶¶ 4, 9].  At approximately 9:45 p.m. that night, Harper attacked Plaintiff and caused him serious bodily injuries.  [Id. ¶ 7].

Plaintiff asserts that following an incident at the prison in January 2020, Kenneway and Gray, the SBCC Superintendent and the SBCC Deputy Superintendent of Operations respectively, [id. ¶¶ 2–3], implemented a policy of placing "enemies" together without obtaining signed waivers from the inmates, despite a longstanding prior policy of keeping "enemies" separate, [id. ¶ 10].

## II.    LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff.  See Gilbert v. City of Chicopee, 915 F.3d 74, 76, 80 (1st Cir. 2019).  Although "[d]etailed factual allegations"

are not required, the complaint must set forth "more than labels and conclusions . . . ." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause

of action" is not enough.  Id.  To avoid dismissal, a complaint must "set forth factual allegations,

either direct or inferential, respecting each material element necessary to sustain recovery under

some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal

quotations and citation omitted).  Further, the facts alleged, when taken together, must be

sufficient "to state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier,

Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

The Court construes the Plaintiff's complaint liberally because it was filed pro se. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106

(1976)).  "However, pro se status does not insulate a party from complying with procedural and

substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  Dismissal of a pro se

complaint is "appropriate when the complaint fails to suggest an actionable claim." Muller v.

Bedford VA Admin. Hosp., No. 11-cv-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013)

(citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

## III.    DISCUSSION

42 U.S.C. § 1983 provides a cause of action for violations of the U.S. Constitution and

federal law.  See also Graham v. Connor, 490 U.S. 386, 394 (1989).  Section 1983 states in

relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State or Territory or the District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

To succeed under § 1983, a plaintiff needs to show that "[f]irst, the challenged conduct must be attributable to a person acting under color of state law" and "second, the conduct must have worked a denial of rights secured by the Constitution or by federal law." Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997).

Plaintiff alleges that Defendants, acting within the scope of their roles at SBCC, violated his Eighth Amendment rights by failing to protect him when they placed him in a cell with Harper, his enemy, which led to his assault. See [Compl.]. The Supreme Court laid out the framework for determining whether a prison official was constitutionally liable for a prisoner's injury at the hands of another prisoner in Farmer v. Brennan, 511 U.S. 825 (1994). Under Farmer, to succeed on an Eighth Amendment claim: "[f]irst, the deprivation alleged must be, objectively, sufficiently serious. For a claim based on failure to prevent harm, the plaintiff must demonstrate he was incarcerated under conditions imposing a substantial risk of serious harm. Second, the plaintiff must show that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety."[1] Burrell v. Hampshire Cnty., 307 F.3d 1, 8 (1st Cir. 2002) (citing Farmer, 511 U.S. at 834) (further internal citations omitted). The First Circuit has held that "[t]he requisite personal involvement of a prison official may be established by showing that the official knew of a prisoner's personal danger yet failed to provide protection . . . ." Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (citing Layne v. Vinzant, 657 F.2d 468, 471 (1st Cir. 1981)).

---

[1] The standard under Article 26 of the Declaration of Rights is "virtually identical" to the Eighth Amendment standard." Cryer v. Spencer, No. 11-cv-10654, 2012 WL 892883, at *7 (D. Mass. Mar. 15, 2012). Thus any ruling on Plaintiff's Eighth Amendment claim controls the analysis of his Article 26 claim.

For the purposes of their motion to dismiss, Defendants focus on the second <u>Farmer</u> prong, arguing that Plaintiff cannot prove that they acted with deliberate indifference.  <u>See</u> [ECF No. 19 at 5–6].

"Deliberate indifference" is more than mere negligence and is akin to "criminal recklessness."  <u>Burrell</u>, 307 F.3d at 8.  To be deliberately indifferent, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Farmer</u>, 511 U.S. at 837.  Defendants argue that this Court should dismiss the complaint because Defendants Morales and DeStefano were only aware of Plaintiff's general fears, not specific threats.  [ECF No. 19 at 5–6].  Plaintiff, however, does not need to allege that Defendants knew that the specific assault would happen, but rather only that each Defendant had "knowledge of facts from which the official [could have drawn] the inference that a substantial risk of serious harm exist[ed]."  <u>Calderon-Ortiz v. LaBoy-Alvarado</u>, 300 F.3d 60, 65 (1st Cir. 2002) (citing <u>Farmer</u>, 511 U.S. at 837).  By telling Defendants DeStefano and Morales, the prison guard and sergeant that were allegedly on duty at the time of the incident, that Harper was his "enemy" and that he did not feel comfortable living with him, <u>see</u> [Compl. ¶¶ 8–9], Plaintiff has more than adequately alleged that these Defendants had knowledge of the relevant surrounding circumstances such that they could have drawn an inference that a substantial risk of harm existed.  Indeed, the Plaintiff warned that Harper might harm him, and then Harper did in fact harm him.  [<u>Id.</u>].  Moreover, Plaintiff contends that Morales said that he "knew" about Plaintiff's concern and that DeStefano responded that Plaintiff and Harper could "kill each other," which adequately pleads knowledge of a substantial risk of harm.  [<u>Id.</u>]

Defendants additionally argue that Plaintiff's claim must be dismissed because, prior to this incident, there was no documented "enemy conflict" between Plaintiff and Harper that would have alerted Defendants to the risk of harm.  [ECF No. 19 at 6].  Plaintiff, however, maintains that his previous altercation with Harper in October 2019 had been documented and resulted in sanctions, which should have made Defendants aware of the risk of putting him and Harper together.  [ECF No. 35-1 at 1–2].

Finally, Defendants' assertion that dismissal is appropriate because Plaintiff "accepted" his housing assignment and did not notify Defendants about his concerns until the next day, [ECF No. 19 at 6–7], is unavailing given the circumstances and the brevity of the delay. Contrary to Defendants' argument, the facts here differ from Scott v. Dickhaut, No. 10-cv-11348, 2013 WL 4017822, at *9 (D. Mass. Aug. 1, 2013), where the plaintiff inmate specifically requested a transfer to what he believed was a safer housing unit and then tried to challenge that placement as a failure to protect.  Further, in that case, the plaintiff did not allege that the defendants were told that the plaintiff's eventual attackers were his enemies.  Id. at *3–5.

Accordingly, taking all the facts as true and construing the pleading liberally, Plaintiff has sufficiently alleged that Defendants DeStefano and Morales were aware of the risk of harm to him posed by sharing a cell with Harper.

Plaintiff also claims that Defendants Kenneway and Gray are liable under a theory of supervisory liability.  A claim for supervisory liability under § 1983 "has two elements: first, the plaintiff must show that one of the supervisor's subordinates abridged the plaintiff's constitutional rights" and "[s]econd the plaintiff must show that the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to

deliberate indifference." Guadalupe-Báez v. Pesquera, 819 F.3d 509, 515–16 (1st Cir. 2016)

(internal citations, quotation marks, and alterations omitted). "One way to establish supervisory

liability is to demonstrate that the supervisor formulated a policy or engaged in a custom that led

to a constitutional violation." Perry v. Dickhaut, 125 F. Supp. 3d 285, 299 (D. Mass. 2015).

        Defendants argue that, even presuming that there was a constitutional violation on the

part of a subordinate, "Plaintiff fails to allege any personal involvement on the part of

Defendants Kenneway and Gray, any affirmative link between Defendants Kenneway and

Gray's actions and the alleged constitutional violation, or any pattern to infer Defendants

Kenneway and Gray's encouragement or approval." [ECF No. 19 at 8]. While thinly pleaded,

there are sufficient—albeit broad—allegations that Defendants Kenneway and Gray established a

policy for their subordinates to house "enemy" inmates together. [Compl. ¶ 10]. The

Defendants, citing Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994),

Connick v. Thompson, 563 U.S. 51, 62 (2011), and DiRico v. City of Quincy, 404 F. 3d 464, 469

(1st Cir. 2005), argue that the complaint must be dismissed because single events, or isolated

instances, of unconstitutional activity are insufficient to establish a policy for supervisory

liability. [ECF No. 19 at 9]. None of these cited cases, however, involve the sufficiency of a

pleading at the motion to dismiss to stage, as Maldonado-Denis was an appeal of a defendant's

summary judgment decision and Connick and DiRico were appeals following jury trials. Contra

Abernathy v. Dewey, 196 F. Supp. 3d 157, 167–68 (D. Mass. 2016) (finding that a pro se

plaintiff's supervisory liability claims, though "sparse and somewhat vague . . . are sufficient at

this [motion to dismiss] stage, particularly in light of plaintiff's *pro se* status) (emphasis in

original). Accepting the factual allegations in the complaint as true for the purposes of the

motion, and making all inferences in Plaintiff's favor, the link between Kenneway and Gray's actions and the alleged constitutional violation is sufficiently pleaded.

**IV.**     **CONCLUSION**

Accordingly, for the reasons set forth above, Defendants' motion to dismiss, [ECF No. 18], is <u>DENIED</u>.

**SO ORDERED.**

March 24, 2022                                                    /s/ Allison D. Burroughs
                                                                         ALLISON D. BURROUGHS
                                                                         U.S. DISTRICT JUDGE